### CRUZ ET AL. *v.* ORTIZ.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 715.—Resuelto en diciembre 20, 1911.

ACCIÓN REIVINDICATORIA—TÍTULO DE HEREDERO—ADJUDICACIÓN Y PARTICIÓN DE LA HERENCIA.—El título de heredero por si sólo no es suficiente para que algunos de los herederos puedan reivindicar una parte específica y determinada de los bienes hereditarios, pues la partición y adjudicación de dichos bienes es la que confiere propiedad exclusiva a un heredero sobre los bienes que le hayan sido adjudicados, y en tales circunstancias, es prematura la acción que se ejercita antes de cumplirse estos requisitos.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. José A. Poventud.*

Abogado del apelado: *Sr. José Tous Soto.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

La presente es una acción en reclamación de un condominio de las tres quintas partes indivisas de una finca rústica, y las rentas y productos del mismo, ascendentes a $10,000, más los daños y perjuicios adicionales montantes a $5,000.

El demandado formuló excepción previa a la demanda, que fué declarada con lugar por la corte, la que dictó sentencia en contra de los demandantes desestimando dicha demanda e imponiendo costas. Contra esta sentencia se interpuso esta apelación.

Este caso comprende las siguientes cuestiones, que se encuentran expresadas en las excepciones previas del demandado formuladas a la demanda.

1ª. Defecto de partes.

2ª. *Estoppel.*

3ª. Prescripción.

La corte dictó sentencia a favor del demandado por el fundamento de que la demanda no aducía hechos suficientes para determinar una causa de acción. Parece que la corte

inferior no tomó en consideración las defensas de defecto de partes y *estoppel*. Los apelantes alegan en su alegato que se han cometido quince errores. El primero y último son en substancia iguales, y tienden a probar que la corte inferior cometió error al dictar la sentencia apelada, siendo ésta contraria a la ley y a la prueba presentada. Si se considera que en realidad fué cometido este error, entonces no es necesario examinar minuciosamente todas las cuestiones especificadas en los otros señalamientos de errores.

En una acción reivindicatoria en que se muestre un título hereditario, los hermanos de los demandantes Mauricio y Francisco son necesariamente partes. Los demandantes alegan en su demanda que tienen derecho a una parte de la finca y en la súplica de la misma piden que la corte dicte sentencia, declarando que pertenece a los demandantes las tres quintas partes indivisas de dicha finca; que el expediente posesorio y su inscripción son nulos y de ningún valor, y que ordene se les pague la suma de $15,000 en concepto de rentas, productos y daños y perjuicios, con los demás pronunciamientos procedentes. No solicitan de modo específico que se declare que la cláusula que se objeta en el testamento es nula, sino que la consideran como tal ipso facto, y en realidad no pueden reivindicar a menos que ésta sea nula.

Hasta ahora hemos resuelto frecuentemente que en una acción reivindicatoria la primer cuestión que ha de considerarse es que la misma pueda entablarse solamente por el verdadero dueño a fin de reivindicar la finca que le pertenece; de ahí que en tal acción sea un requisito fundamental que él pruebe de modo claro y preciso que es el dueño de la finca que trata de reivindicar y que está en posesión del demandado.

En un caso fallado recientemente, la Corte por medio del Juez Asociado Sr. Aldrey, se expresó como sigue:

"El título de heredero transmite un derecho sobre el conjunto de los bienes hereditarios; por virtud de él todos los herederos por el hecho de la muerte de su causante, llegan a ser dueños en común, pero mientras no se practiquen las diligencias de partición y adjudicación,

mientras en virtud de ellas no cese esa comunidad, ninguno puede decirse ni ser considerado como dueño único y exclusivo de una porción determinada o parte alícuota, fija y concreta de las bienes de la herencia, cuyo concepto es requisito que debe justificarse para que pueda prosperar una acción reivindicatoria.

"Ocurrida la muerte del causahabiente, existe en sus herederos, según los artículos citados, un dominio en el todo indeterminado, que se concreta y determina mediante la partición y adjudicación de los bienes hereditarios, la que según el artículo 1035 del Código Civil vigente, concordante con el 1068 del Código anterior es la que confiere propiedad exclusiva a un heredero sobre los bienes que le hayan sido adjudicados."

*Velilla* v. *Pizá,* resuelto en 5 de diciembre, 1911.

Esta doctrina está apoyada también por numerosas sentencias de la Corte Suprema de España, entre otras por la de 13 de junio de 1901, que dice:

"Que mientras no se haga la liquidación de la herencia, y por consecuencia de ella la correspondiente partición y adjudicación a cada heredero de lo que le corresponde, carecen éstos de verdadero título que les sirva para reivindicar bienes concretos y determinados de la misma herencia, pues para tal acción no es título suficiente el testamento."

Aplicando al presente caso los principios enunciados en estas sentencias, encontramos que estos apelantes que reclaman la porción indivisa correspondiente a tres de los cinco herederos de su madre, han establecido prematuramente esta acción reivindicatoria, por lo que la excepción previa formulada a la demanda fué debidamente declarada con lugar.

No es necesario discutir las demás cuestiones que aparecen de los autos. Debe confirmarse la sentencia dictada por la corte inferior.

*Confirmada.*

Jueces concurrentes: Sres Presidente Hernández, y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Wolf, hizo constar estar conforme con la sentencia por los fundamentos consignados en la opinión concurrente en el caso de *Velilla* v. *Pizá et al.,* resuelto en diciembre 5, 1911.